**In re ROBINSON HELICOPTER CO., INC., Petitioner.**

**Kimberly Long; Ronald Long; Wayne M. Holtmeier, Sr.; Juanita Miner, Plaintiffs–Appellees,**

**Sacha Wood; Ray Aaron; Melinda Aaron; Travis Fairchild, Intervenors–Appellees.**

**v.**

**Robinson Helicopter Co., Inc., Defendant–Appellant.**

**Nos. 16–1572, 16–1604.**

United States Court of Appeals, Eighth Circuit.

Submitted: March 30, 2016.

Filed: April 8, 2016.

Marshall V. Wilson, Berry & Wilson, Jefferson City, MO, for appellant.

Scott A. Hunter, Hunter & Cassidy, Kansas City, MO, for appellee.

Before SMITH, ARNOLD, and COLLOTON, Circuit Judges.

PER CURIAM.

Robinson Helicopter Company petitions for a writ of prohibition that would prevent the district court from enforcing an order filed February 23, 2016. The order directs Robinson Helicopter to file with the district court exhibits from depositions taken in *Long v. Robinson Helicopter Company, Inc.*, No. 09–3283–CV–S–ODS, 2009 WL 3639020 (W.D.Mo.), a civil case that was filed in 2009 and closed in April 2012 after a settlement and judgment. Respondents Melinda Aaron, Ray Aaron, and Travis Fairchild, intervenors in the district court, seek the deposition exhibits for use in a civil action filed against Robinson Helicopter that is pending in California state court and scheduled for trial on April 11, 2016.

A writ of prohibition is an extraordinary form of relief that is available to correct a clear error of law where the aggrieved party has no other adequate means to attain the desired relief. *In re Union. Elec. Co.*, 787 F.3d 903, 908 & n. 4 (8th Cir.2015). We conclude that a writ should issue here, because the district court lacks power to impose any new discovery-related requirements on the parties to the *Long* case after that lawsuit was settled and closed in 2012. *See Public Citizen v. Liggett Group, Inc.*, 858 F.2d 775, 781 (1st Cir.1988). The district court asserted authority to ensure that discovery materials from *Long* were available "to those who might have a valid use for them." R. Doc. 77, at 2. The exhibits at issue, however, were never filed in the district court or otherwise made part of the record in *Long*. The district court lacks authority at this juncture to require production of these documents for use by third parties. *Cf. Littlejohn v. Bic Corp.*, 851 F.2d 673, 683 (3d Cir.1988).

Insofar as Robinson Helicopter seeks additional prospective relief concerning deposition transcripts from *Long* that were filed pursuant to an order of the district court in 2014, the petition is denied. Robinson Helicopter complied with the order, and the district court already disclosed the transcripts to the respondents. Even assuming Robinson Helicopter has not waived any objection to the district court's exercise of authority over the transcripts, there is no current controversy over access to them. We also deny Robinson Helicopter's request for an award of fees and expenses.

The petition for writ of prohibition is granted in part. The district court's order of February 23, 2016 is vacated. The petition is otherwise denied.